## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

| | |
|---|---|
| **KENNEDY BOAT WORKS, L.L.C.** | **CIVIL ACTION NO.: 1:25-CV-00070** |
| **VERSUS** | **DISTRICT JUDGE:** |
| | **HON. TAYLOR MCNEEL** |
| **A RECREATIONAL VESSEL, MATERIALS SCIENCES, A FORMERLY DOCUMENTED VESSEL, OFFICIAL NUMBER 548477, AND KENNY LOBELL, INDIVIDUALLY** | **MAGISTRATE JUDGE:** |
| | **HON. ROBERT P. MYERS, JR.** |

## AMENDED ANSWER
## AND COUNTERCLAIM OF THE RECREATIONAL VESSEL
## MATERIALS SCIENCES, IN REM, TO PLAINTIFF'S COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Sawmill Condos LLC, the Claimant of the recreational vessel *Materials Sciences* (the "Vessel")*,* defendant *in rem*, (hereinafter referred to as "Claimant") making a restricted appearance pursuant to Rule E(8) of the Feder Rules of Civil Procedure, which hereby pursuant to Federal Rule of Civil Procedure 15(a)(1)(A) amends its Answer as a matter of course, responding to the Complaint filed by Kennedy Boat Works, L.L.C. ("KBW" or "Plaintiff"), and assuming the position of Counter-Claimant asserts the following Counterclaim as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Answering Defendant upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### SECOND DEFENSE

The Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

## THIRD DEFENSE

The Complaint should be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure for improper venue.

## FOURTH DEFENSE

The Complaint should be dismissed pursuant to Rule 12(b)(4) and/or Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient process and/or insufficient service of process.

## FIFTH DEFENSE

**AND NOW**, without waiving any of the foregoing defenses, Claimant answers the allegations of Plaintiff's Complaint as follows:

1.

The allegations contained in Paragraph 1 do not pertain to the Defendant and require no response. To the extent a response is deemed required, all allegations contained in Paragraph 1 are denied for lack of sufficient information to justify a belief therein.

2.

Paragraph 2 of the Complaint contains conclusions of law and require no response. To the extent a response is required, it is admitted that the *Materials Sciences* is currently located within this Honorable District. Except as expressly admitted, the allegations are denied for lack of sufficient information to justify a belief therein.

3.

The allegations contained in Paragraph 3 do not pertain to Defendant and thus require no response. To the extent a response is deemed required, the allegations contained in Paragraph 3 are denied.

4.

The allegations contained in Paragraph 4 constitute conclusions of law and require no response. To the extent a response is deemed required, the allegations contained in Paragraph 4 are denied.

5.

The allegations contained in Paragraph 5 are denied for lack of sufficient information to justify a belief therein.

6.

The allegations contained in Paragraph 6 do not pertain to the Defendant and thus require no response. To the extent a response is deemed required, the allegations contained in Paragraph 6 are denied for lack of sufficient information to justify a belief therein.

7.

The allegations contained in Paragraph 7 are denied.

8.

The allegations contained in mis-numbered Paragraph 9 of the Complaint are admitted.

9.

The allegations contained in mis-numbered Paragraph 10 are denied.

10.

The allegations contained in mis-numbered Paragraph 11 of the Complaint are denied.

## **SIXTH DEFENSE**

Claimant denies the allegations of any unnumbered and/or misnumbered paragraphs that have not already been addressed, as well as those allegations and averments contained in the Prayer for Relief.

## SEVENTH DEFENSE

Plaintiff's Complaint is barred by the applicable period of prescription and/or statute of limitations and/or laches.

## EIGHTH DEFENSE

Claimant invokes and pleads the benefit and enforcement of any and all terms contained in the applicable contracts or agreements between any Defendant and any other entity, including, but not limited to, any contract, agreement, and terms between Defendant and Plaintiff.

## NINTH DEFENSE

In the event that discovery reveals so, Claimant affirmatively avers that the claims herein are barred by settlement and compromise and by releasing other parties.

## TENTH DEFENSE

Claimant avers that Plaintiff's claims are barred by *res judicata* and/or issue preclusion.

## ELEVENTH DEFENSE

Plaintiff's claims against Defendant are barred by the doctrines of unclean hands, equitable estoppel, and other equitable defenses.

## TWELFTH DEFENSE

Plaintiff's claims against Defendant are barred due to breach of contract and fraud on the part of the Plaintiff because the Plaintiff knowingly and with intent unilaterally raised the hourly rates of its workers in breach of the parties' agreement, failed to support the alleged hours worked by those workers, and threatened the vessel with and then arrested the vessel when questions were raised with the invoiced amounts.

## THIRTEENTH DEFENSE

Claimant avers that Plaintiff does not hold a valid maritime lien over the vessel *Materials Sciences*, under either the general maritime law or CIMLA.

## FOURTEENTH DEFENSE

Claimant avers that the alleged damages in question were caused or contributed to by the fault and negligence of Plaintiff, and therefore, Plaintiff should be held responsible.

## FIFTEENTH DEFENSE

Claimant specifically denies that the Plaintiff is entitled to the damages as alleged. However, to the extent any damages are proven, which is denied, such damages resulted from Plaintiff's sole fault, negligence, and/or inattention to duty, and, therefore, Plaintiff can have or make no recovery herein.

## SIXTEENTH DEFENSE

In further answering in the alternative, as a separate and distinct defense, Claimant avers that if this Court should find that Plaintiff sustained any damages, all of which are denied, and should find that the accident complained of herein was caused or contributed to by the negligence of Defendant, which is also denied, the same was also caused or contributed to by the negligence and lack of due care on the part of Plaintiff, and Claimant specifically pleads such contributory negligence and/or fault as a bar to this action, or alternatively in mitigation of the amount of damages legally recoverable.

## SEVENTEENTH DEFENSE

Claimant alleges and avers that Plaintiff has failed to mitigate its alleged damages and recovery herein is mitigated or defeated.

## EIGHTEENTH DEFENSE

Plaintiff has no evidence to raise a genuine issue of material fact on one or more elements of any claim on which he has the burden of proof.

## NINETEENTH DEFENSE

Plaintiff is legally barred from seeking recovery for damages that are not reasonably foreseeable.

## TWENTIETH DEFENSE

Claimant denies that there has been any breach of contract or agreement on the part of the vessel or its owner.

## TWENTY-FIRST DEFENSE

Claimant expressly denies that the Defendant is in any way at fault for the incident or any alleged damages of Plaintiff that resulted therefrom.

## TWENTY-SECOND DEFENSE

Claimant alleges and avers that Plaintiff has failed to mitigate its alleged damages and recovery herein is mitigated or defeated.

## TWENTY-THIRD DEFENSE

Claimant expressly denies that the Plaintiff is entitled to recover attorney's fees, costs, or expenditures.

## TWENTY-FOURTH DEFENSE

Claimant expressly denies that any costs or expenditures incurred by Plaintiff were necessary and/or reasonable.

## TWENTY-FIFTH DEFENSE

Claimant expressly denies that any amounts were past due and owing at the time of the arrest of the vessel, therefore resulting in a lack of maritime lien and/or improper seizure.

## TWENTY-SIXTH DEFENSE

Plaintiff has failed to join an indispensable party.

## TWENTY-SEVENTH DEFENSE

Claimant avers that the Defendant is entitled to set-off with respect to any amounts it was overcharged on previous satisfied invoices and work performed by Plaintiff, as to any physical damages incurred on the part of the vessel concerning its hull, equipment, engine, and appurtenances as a result of the work performed by Plaintiff, and loss of use and enjoyment of the vessel.

## TWENTY-EIGHTH DEFENSE

Claimant avers that the Defendant is entitled to recovery and/or set-off with due to unjust enrichment, breach of contract, negligence, and/or breach of bailment duties.

## TWENTY-NINTH DEFENSE

Claimant avers that the Plaintiff is not entitled to recovery and/or recovery should be reduced due to Plaintiff's threat of criminal prosecution against the Vessel Owner and harassment.

## THIRTIETH DEFENSE

Claimant avers that any alleged costs incurred in *custodia legis* are unreasonable, unsubstantiated, unnecessary, inequitable, and/or unrecoverable.

## THIRTY-FIRST DEFENSE

Claimant asserts all defenses to the Plaintiff's claims which have been asserted or will be asserted by any other defendant, to the extent that such defenses are not inconsistent with the

defenses asserted by Plaintiff.

## THIRTY-SECOND DEFENSE

Claimant asserts any and all affirmative defenses averred or alleged by any other party in this action filed by Plaintiff that may be favorably asserted by Claimant and incorporates all such favorable affirmative defenses by reference as if asserted in full herein.

## THIRTY-THIRD DEFENSE

Claimant files this Answer without prejudice to its right to proceed against such other vessels, persons, business entities, associations, firms, and/or corporations that may have caused or contributed to the damages allegedly sustained by Plaintiff, or from whom Defendant is entitled to contribution, indemnity, or other recovery.

## THIRTY-FOURTH DEFENSE

Claimant reserves the right to supplement, amend, or modify its Affirmative Defenses and Answer as necessary or to conform to such facts as may be revealed in discovery or otherwise.

## THIRTY-FIFTH DEFENSE

Claimant reserves the right to join any and all necessary or permissive persons and/or third-parties to this action, including, but not limited to, under Rule 19 or Rule 20 of the Federal Rules of Civil Procedure, and/or by impleader to claims of the Plaintiff and/or as a third-party defendant to Defendant under Rule 14 and/or 14(c) of the Federal Rules of Civil Procedure.

## THIRTY-SIXTH DEFENSE

Claimant reserves the right to bring counterclaims against the Plaintiff, to assert claims and damages for wrongful arrest on behalf of the vessel, to seek damages for physical damage to the vessel, to seek damages for failure to release the vessel upon the requested security being provided, and to request counter-security for such claims.

**WHEREFORE**, Sawmill Condos LLC, the Rule E(8) Claimant of the recreational vessel *Materials Sciences*, defendant *in rem*, respectfully prays that this, its Answer, be deemed good and sufficient and that after due proceedings be had, there be judgment herein in favor of Defendant, Recreational Vessel *Materials Sciences*, and against Plaintiff, Kennedy Boat Works, LLC, dismissing the Complaint and all claims and relief sought by Kennedy Boat Works, LLC, at Plaintiff's cost and that Defendant be granted such other and further relief as equity and the justice of the cause may require and permit.

## COUNTERCLAIM FOR DAMAGES, FRAUD, AND WRONGFUL ARREST

And now, without waiving any of the foregoing defenses, Rule E(8) Claimant, Sawmill Condos, LLC, making a restricted appearance on behalf of the recreational vessel, *Materials Sciences* (the "Vessel"), *in rem*, files this Counterclaim against Kennedy Boat Works, L.L.C. pursuant to Federal Rule of Civil Procedure 13, reserves the right to seek countersecurity by Motion pursuant to Supplemental Rule E, and would respectfully show the Court as follows:

1.

Claimant repeats and realleges each and every allegation, defense, and response contained in its Answer to Plaintiff's Complaint as if set forth herein at length.

2.

The Vessel is a recreational vessel bearing Official Number 54877, which is within the district and jurisdiction of this Honorable Court, and is owned by Claimant, Sawmill Condos, LLC.

3.

Sawmill Condos LLC was at all material times a Louisiana limited liability company organized under and existing by virtue of the laws of the State of Louisiana.

4.

Upon information and belief and at all times pertinent hereto, Counter-Defendant, Kennedy Boat Works, L.L.C. ("KBW") was and is a Mississippi limited liability corporation authorized to do and doing business in the State of Mississippi and within the territorial jurisdiction of this Court.

5.

This Counterclaim is brought pursuant to Federal Rule of Civil Procedure 13, as the claim arises out of the same transaction or occurrence that is the subject matter of Counter-Defendant's, Kennedy Boat Works, L.L.C., claim and does not require adding a party whom is outside of the court's jurisdiction. This Claim is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper pursuant to 28 U.S.C. §1333 for the admiralty and maritime claims and 28 U.S.C. §1367 with respect to any state law claims.

6.

On March 14, 2025, Kennedy Boat Works, L.L.C., filed a Verified Complaint against recreational vessel *Materials Sciences* and Kenny Lobell in the United States District Court for the Southern District of Mississippi, Southern Division in the matter entitled *Kennedy Boat Works, L.L.C. v. Recreation Vessel Materials Sciences et al,* and assigned case number 1:25-CV-00070.

7.

Beginning in March 2017, following Claimant's purchase of the Vessel, the Vessel was present at KBW's shipyard in Gulfport, Mississippi, pursuant to an oral agreement.

8.

Beginning in or about March 2017, KBW began overhauling the Vessel. The Vessel remained at KBW's shipyard over the next 8 years, never reaching completion, with KBW dismantling and performing, unbeknownst to Claimant, deficient work on the Vessel.

9.

During the 8 years that the Vessel was present at KBW's shipyard, KBW repeatedly used workers who were not qualified as mechanics, painters, blasters, and other positions to perform the work on the Vessel.

10.

KBW repeatedly failed to provide receipts or documentation for invoiced expenses relating to the alleged expenses it incurred while repairing the Vessel.

11.

Over the course of 8 years, in good faith, Claimant paid at least $709,793.00 in invoices to KBW for work on the Vessel and an additional $200,000 to an electrician arranged through KBW.

12.

During this time, KBW often requested and or demanded immediate cash payments for work allegedly performed, often times without supporting invoices, essentially holding the Vessel hostage at its shipyard. Claimant acquiesced to these requests on the belief that quality work was being performed.

13.

Upon information and belief, KBW exhibited a repeated pattern wherein it would dismantle vessels owned by other customers, then demand immediate cash payments without proper supporting invoices, essentially holding their vessels hostage as well.

14.

In or around August 2023, Claimant began raising questions with KBW regarding its invoices and certain rates, charges, and expenses, particularly in light of the Vessel being

incomplete after being present at KBW's shipyard for over 6 years. The parties agreed that KBW would provide supported invoices at the conclusion of work on the Vessel.

15.

In February 2025, KBW submitted invoices to the Vessel in the amount of $306,790.40. Immediate questions were raised to KBW regarding its unilateral, retroactive, and unsupported increases in the hourly rates of its workers, including unlicensed mechanics. In some instances, the workers' hourly rates were unilaterally raised by KBW by as much as 40% without prior notice. This resulted in the overcharging of tens of thousands of dollars for work performed on the Vessel.

16.

In addition, while in the possession of KBW at its shipyard, KBW caused hull paint damage to the starboard side of the Vessel. Estimated repairs for the hull damages are at least $24,750.00.

17.

In addition, the Vessel incurred rub rail damage while in the possession of KBW at its shipyard, with estimated repairs of approximately $3,250.00.

18.

In addition, KBW caused damage to the Vessel's engine, which repairs have been estimated as at least $4,500.00.

19.

On or around March 9, 2025, KBW was informed that the Vessel would be moved to the Bay St. Louis Marina for repairs due to the damage the Vessel incurred while in KBW's possession and care.

20.

In response to being informed of the movement of the Vessel out of the shipyard (after 8 years) and questions being raised as to KBW's billing practices, KBW's owner, Timmy Kennedy, accused Kenny Lobell, owner of Claimant, in writing of "trespassing" and "theft" of the Vessel, and stated in writing "I'm dispatching the Harrison County Sheriff to stop and arrest the individuals on board and I intend to use the full extent of the law to prosecute." In essence, after being called out for overcharging the Vessel and causing damage to the Vessel, KBW used the threat of law enforcement prosecution against individuals in order to attempt to obtain payment.

21.

KBW had full knowledge that the Vessel was not leaving the District and would be located at the Bay St. Louis Marina after the Vessel was removed from the shipyard. Representatives of KBW then verified that the Vessel was docked at the Bay St. Louis Marina, as the Vessel Owner had advised. Nevertheless, on March 14, 2025, as a form of harassment, KBW filed its Verified Complaint and thereafter arrested the Vessel.

**<u>COUNT ONE – BREACH OF CONTRACT AND UNJUST ENRICHMENT</u>**

22.

Claimant re-alleges and re-avers Paragraphs 1 through 21, as if set forth in full herein.

23.

An oral agreement was entered into in March 2017 with KBW on behalf of the Vessel for the overhaul, repair, and completion of the Vessel by KBW.

24.

Over the course of the next 8 years, KBW provided the Vessel with incomplete or unsupported invoices, and in some instances provided no invoices whatsoever. Nevertheless, immediate payments were made on behalf of the Vessel in full.

25.

KBW breached the agreement when it submitted inflated invoices for subpar work and allowed non-mechanics to perform alleged engine repairs.

26.

KBW breached the agreement when it caused physical damage to the Vessel in the form of hull damage, rub rail damage, and engine damage.

27.

KBW breached the agreement when it overcharged for work allegedly performed on the Vessel, further resulting in unjust enrichment.

28.

The Vessel hereby demands an accounting of all payments made to date in the amount of at least $709,793.00 to KBW and an additional $200,000 paid to an electrician arranged through KBW, including the provision of detailed invoices, time sheets, and expense supports and receipts.

29.

The Vessel demands repayment and/or setoff for any amounts overcharged by KBW, improperly charged, or unsupported on its invoices, which were satisfied on behalf of the Vessel.

30.

KBW is truly and justly indebted to and unto the Vessel for any amounts overcharged by KBW, improperly charged, or unsupported on its invoices, which amounts were satisfied on behalf of the Vessel, as well as any amounts subject to unjust enrichment.

31.

The Vessel demands payment in full from KBW for physical damage it caused to the Vessel's hull, rub rail, and engine, in the amount of at least $32,500, plus accruing interest.

32.

The Vessel further avers that KBW should be cast in judgment for all court costs incurred in these proceedings.

## COUNT TWO – NEGLIGENCE

33.

Claimant re-alleges and re-avers Paragraphs 1 through 32, as if set forth in full herein.

34.

In March 2017, KBW accepted possession of the Vessel and agreed to perform work on the Vessel. Therefore, KBW had a duty to act and perform work as would a reasonable shipyard.

35.

KBW breached its duties when it failed to perform work in a proper manner, resulting in deficient work on the Vessel.

36.

KBW caused physical damage to the Vessel, including scratches and damage to the hull, damage to the rub rail, damage to the engine, and other physical damage as will be shown at trial.

37.

KBW is truly and justly indebted to and unto the Vessel for any amounts incurred due to deficient work on the Vessel and physical damage caused to the Vessel.

38.

The Vessel demands payment in full from KBW for deficient work performed on the vessel and physical damage it caused to the Vessel's hull, rub rail, and engine, in the amount of at least $32,500, plus accruing interest.

39.

The Vessel further avers that KBW should be cast in judgment for all court costs incurred in these proceedings.

## COUNT THREE – BAILMENT

40.

Claimant re-alleges and re-avers Paragraphs 1 through 39, as if set forth in full herein.

41.

In March 2017, KBW accepted possession of the Vessel and agreed to perform work on the Vessel. Therefore, a bailment relationship existed with respect to the Vessel.

42.

KBW breached its duties when the vessel was damaged in its possession in early 2025.

43.

KBW allowed physical damage to be caused to be caused the Vessel, including scratches and damage to the hull, damage to the rub rail, damage to the engine, and other physical damage as will be shown at trial.

44.

KBW is truly and justly indebted to and unto the Vessel for any amounts incurred due to its breach of bailment duties and physical damage caused to the Vessel.

45.

The Vessel demands payment in full from KBW for breach of bailment duties and physical damage caused to the Vessel's hull, rub rail, and engine, in the amount of at least $32,500, plus accruing interest.

46.

The Vessel further avers that KBW should be cast in judgment for all court costs incurred in these proceedings.

**COUNT FOUR - FRAUD**

47.

Claimant re-alleges and re-avers Paragraphs 1 through 46, as if set forth in full herein.

48.

KBW is in the vessel repair business and therefore, the Vessel and Claimant had the right to rely on the representations made in KBW's invoices.

49.

KBW falsely represented that all work it performed on the Vessel was necessary and fairly billed on its invoices.

50.

The work performed by KBW was subpar and requires the work of a third-party to correct.

51.

Additionally, the hourly rate of KBW's workers increased without reason or approval, and in some instances retroactively.

52.

KBW knew that it had non mechanics performing the alleged engine repairs when it sent its false and inflated invoices.

53.

KBW knew that there was no justification for up to a 40% rate increase for some of its hourly workers, which resulted in an overcharge of at least tens of thousands of dollars to the Vessel.

54.

KBW has never provided supporting worker time sheets with its invoices and upon information and belief, the Vessel may have been overcharged for worker time spent repairing or maintaining other vessels.

55.

KBW sent the false and inflated invoices in order to receive more money that it should have for the quality of work it performed and the people who performed work.

56.

Claimant did not have any knowledge of the fraud being committed by KBW prior to August 2023, and thus paid all invoices believing that they were true and accurate.

57.

When issues with the invoicing and physical damage were raised with KBW, it refused to provide an accounting of all current and prior billing.

58.

KBW stated and/or represented that every invoice was correct and continued to send inflated invoices for work performed by non-mechanics and other non-qualified individuals through January 2025.

59.

When questions were raised with KBW's billing practices, faulty repair, and the physical damage it caused to the Vessel, KBW threatened criminal prosecution against individuals if the Vessel were removed from its shipyard. KBW had no right to threaten criminal prosecution and the Vessel Owner had every legal right to remove the Vessel from the shipyard.

60.

KBW committed fraud in its billing practices and invoices, including unsupported time for workers and unilaterally inflating worker hourly rates with retroactive application.

61.

Consequently, Claimant overpaid KBW hundreds of thousands of dollars in labor and repair costs.

62.

KBW is truly and justly indebted to and unto the Vessel for any amounts fraudulently charged by KBW which amounts were satisfied on behalf of the Vessel.

63.

The Vessel demands payment in full from KBW for any fraudulent charges on invoices.

64.

The Vessel further avers that KBW should be cast in judgment for all court costs incurred in these proceedings, as well as attorney's fees.

## <u>COUNT THREE - WRONGFUL ARREST</u>

### 65.

Claimant re-alleges and re-avers Paragraphs 1 through 64, as if set forth in full herein.

### 66.

KBW used the disputed, inflated, and fraudulent invoices to obtain an arrest warrant for the Vessel from this Honorable Court. KBW intentionally did so in bad faith knowing that it had breached its contract with Claimant, caused physical damage to the Vessel, and Claimant disputed the invoices KBW used to obtain the maritime lien on the vessel.

### 67.

KBW did not and does not have a maritime lien against the Vessel. KBW has never had a *bona fide* claim to a maritime lien and KBW knew this prior to instigating its lawsuit. Therefore, KBW sought the arrest of the Vessel in bad faith, with gross negligence, and/or malice.

### 68.

The Vessel demands payment in full from KBW for all costs associated with the wrongful arrest of the Vessel, including obtaining security for the release of the vessel, additional moorage and wharfage costs, and for any attorney's fees and costs incurred as a result of this wrongful arrest.

### 69.

The Vessel further avers that KBW should be cast in judgment for all court costs incurred in these proceedings, as well as attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Sawmill Condos LLC, the Claimant of the recreational vessel *Materials Sciences,* defendant in rem, (hereinafter referred to as "Claimant") making a restricted appearance pursuant to Rule E(8) of the Federal Rules of Civil Procedure prays:

a) That its Counterclaim be deemed good and sufficient and after due proceedings had, there be judgment in its favor and against Counter-Defendant, Kennedy Boat Works, L.L.C., awarding Sawmills Condos, LLC all damages to which it is entitled;

b) That Claimant, Sawmills Condos, LLC, on behalf of the Vessel be provided with a detailed accounting of all prior amounts paid to Kennedy Boat Works, L.L.C.;

c) That Claimant, Sawmills Condos, LLC, on behalf of the Vessel be entitled to judgment with respect to any amounts owed by Kennedy Boat Works, L.L.C. as a result of breach of contract;

d) That Claimant, Sawmills Condos, LLC, on behalf of the Vessel be entitled to judgment with respect to any amounts owed by Kennedy Boat Works, L.L.C. as a result of physical damage to the Vessel, resulting from breach of contract, negligence and/or bailment;

e) That Claimant, Sawmills Condos, LLC, on behalf of the Vessel be entitled to judgment with respect to any amounts owed by Kennedy Boat Works, L.L.C. as a result of fraud;

f) That Claimant, Sawmills Condos, LLC, on behalf of the Vessel be entitled to judgment with respect to any amounts, including costs, security, and attorney's fees, incurred on behalf of the Vessel as a result of the wrongful arrest of the Vessel; and

g) For all other general and equitable relief to which it is entitled.

Respectfully submitted,

*/s/Aaron B. Greenbaum*
Aaron B. Greenbaum (MS Bar #105190)
PUSATERI, JOHNSTON, GUILLOT &
GREENBAUM, LLC
1100 Poydras Street, Suite 2250
New Orleans, Louisiana 70163
Telephone: (504) 620-2370
Facsimile: (504) 620-2510
Aaron.Greenbaum@pjgglaw.com

and

Russell S. Manning, (MSB # 102789)
BYRD & WISER
Post Office Box 1939
Biloxi, MS 39533
Phone: (228) 432-8123
Facsimile: (228) 432-7029
rsm@byrdwiser.com
**ATTORNEYS FOR RULE E(8) CLAIMANT,
SAWMILL CONDOS LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of May 2025, I electronically filed the foregoing document with the Clerk of Court for the U.S. District Court, Southern District of Mississippi, using the electronic case filing system of the court. The electronic case filing system will send a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/Aaron B. Greenbaum*
**AARON B. GREENBAUM**